UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES CLELAND,

    Defendant.

_____/

No. 1:25-cr-00155

Hon. Jane M. Beckering
United States District Judge

## MOTION FOR PROTECTIVE ORDER

The United States of America, by its counsel, Timothy VerHey, United States Attorney for the Western District of Michigan, and Assistant United States Attorney Alexia A. Jansen, moves this Court for a protective order relating to the disclosure of investigative materials and discovery materials pursuant to Fed. R. Crim. P. 16(d)(1). Pursuant to Local Criminal Rule 12.4, Defendant James Cleland, by and through his attorney, Helen C. Nieuwenhuis, communicated with undersigned counsel for the government on November 19, 2025, and stated that the Defendant does not oppose this motion.

In support of this motion, the government states as follows:

1.    On or about October 16, 2025, Defendant was arrested in Kent County, Michigan on state charges. On October 17, 2025, United States Magistrate Judge Phillip J. Green issued a federal criminal complaint charging Defendant with possession of an unregistered firearm (destructive device), in violation of 26 U.S.C.

1

§ 5861(d). Defendant was transferred to federal custody for an initial appearance on the same day. On or about October 28, 2025, a grand jury returned a single-count indictment charging Defendant with possession of unregistered destructive devices, in violation of 26 U.S.C. § 5861(d).

2.    In this case, some of the discovery material contains information related to both a confidential informant and an undercover agent, including audio and video recordings of both. Such recordings further include the names and locations of intended victims, which cannot be easily redacted in such format. Widespread dissemination of such discovery material could lead to witness intimidation, harassment, physical harm to witnesses, or may seriously jeopardize other investigations. Additionally, discovery in this case includes body camera and police cruiser video footage that includes personal identifying information of third parties unrelated to this case.

3.    Therefore, the government seeks this protective order so that Defendant cannot retain copies of or disclose a limited subset of discovery material which will be identified as "Protected Discovery Material."  As of now, the government estimates that video and/or audio recordings obtained during the investigations, will need to be marked as "Protected Discovery Material." More discovery items, including witness statements, will likely be marked as such if disclosures under the Jencks Act are made pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure.

4.      Rule 16(d) of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  While the rule does not provide guidance as to what constitutes "good cause," the advisory committee note to the 1974 amendment states that "it is obvious" that a protective order should be entered "where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." *See also United States v. Ocampo*, No. 3:21-CR-00163, 2022 U.S. Dist. LEXIS 21291, at *2 (W.D. Ky. Feb. 7, 2022).  In *Ocampo,* the district court found good cause for entry of a protective order when the discovery contained information about a confidential informant. *Id.* at *4; *see also United States v. Williams*, No. 3:21-CR-00153, 2022 U.S. Dist. LEXIS 61456, at *4-5 (W.D. Ky. Apr. 1, 2022) (finding good cause for a protective order where the discovery contained information about a confidential informant who made repeated purchases from the defendant).  The protective orders in each case limited the defendant's ability to retain discovery materials.  *Williams,* 2022 U.S. Dist. LEXIS 61456, at *2 ("The proposed protective order permits Williams' counsel to show him the evidence but precludes Williams from maintaining it in his possession."); *Ocampo*, 2022 U.S. Dist. LEXIS 21291, at *2 ("The proposed protective order permits Defendant's counsel to show Defendant the evidence but precludes his counsel from providing the evidence for Defendant to maintain in his possession.")

5. Some discovery in the case does not warrant a protective order. To that end, the government has already disclosed or will disclose, discovery in this case that does not require a protective order, including Defendant's criminal history, investigative reports, forensic or expert reports, photographs, and a search warrant return for his cell phone.

6. In sum, the proposed protective order is limited and sets forth a basic principle of fair litigation: discovery material should only be used for the case. Unlike the protective orders in *Ocampo* and *Williams,* where the district courts nonetheless found good cause, the protective order here only imposes restrictions on copies for a limited subset of discovery labeled "Protected Discovery Material." The proposed order does not impose significant burdens on defense counsel or otherwise interfere with the attorney-client relationship. It only imposes simple, common-sense obligations on Defendant that Defendant should use the discovery for its intended purpose.

7. For these reasons, the government believes that there is good cause to enter an order stating:

    a. Any and all discovery material produced by the government to Defendant pursuant to this protective order and designated or identified as "Protected Discovery Material" (hereinafter referred to as "Protected Discovery Material") is to be used by defense counsel solely for the preparation of the defense of this case. No disclosure

4

   of Protected Discovery Material is authorized except as necessary to the preparation of the defense in this case, and such determination of necessity is to be made by counsel for Defendant, not by Defendant;

b. Disclosure of Protected Discovery Material, disclosed by the government in original or redacted form, is permitted to defense counsel and other persons reasonably employed by them as may be necessary to prepare a defense and to this Court. Defense counsel may show and review Protected Discovery Material with Defendant and any potential witness that it may need to call at trial or another hearing in this case, but defense counsel shall not permit Defendant or any potential witness to retain a copy of Protected Discovery Material.

c. Defense counsel will take all reasonable steps necessary to ensure that Protected Discovery Material is not improperly disclosed.

d. The aforementioned restrictions do not apply to discovery material that is not designated as Protected Discovery Material or documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order filed with this motion.

                                              Respectfully submitted,

                                              TIMOTHY VERHEY
                                              United States Attorney

Date: November 20, 2025            /s/ *Alexia A. Jansen*
                                              ALEXIA A. JANSEN
                                              Assistant United States Attorney
                                              P.O. Box 208
                                              Grand Rapids, MI 49501-0208
                                              (616) 456-2404